Wright, J.
The question at issue is this. In an answer, the party defending makes statements that, standing ■.alone, would be a libel on the plaintiff. The pleading, however, avers that the allegations in question were made 'in good faith, without malice ; that they were relevant, believed to be true, and there was probable cause for such belief; further, that the pleading was under the advice •of counsel. Can an action for damages be predicated upon •.such a pleading ?
The answer of Reuben Banning set up such a defense ; a •demurrer to it being sustained, the court holds that that •defense is not good in law.
It is perhaps difficult to determine the precise nature of’ the action before us, and whether it is an action for libel, •or rather in the nature of an action to recover for malicious prosecution.
Townshend on Slander, section 220, says that “ defamatory matter, published in orto a court of criminal jurisdiction, may constitute the wrong called ‘ malicious prosecu-. ■tiou,’ but never the wrong called slander or libel.” There was a word called “ calumny ” in the civil law, which signified an unjust prosecution or defense of a suit, and the phrase is still said to be used in the courts of Scotland and the ecclesiastical and admiralty courts of England, though we do not find cases of the kind in the reports.
If this be an action in the nature^of one for malicious prosecution, it is evident the petition is defective, in not .•averring the termination of the original suit, in which the .■answer complained of was filed.
This is a well-settled rule in that class of actions. 2 Greenl. Ev., sec. 452. But if we consider it as an action for libel, it has often been laid down that proceedings in •court are not to be made the ground of such an action. Townshend says, in reference to the right of appealing to •civil tribunals: “ Every one has the right, with or without *118 reasonable cause for so doing, to prefer his complaint to1 them ; and whatever he may allege in his pleading, as or in connection with his grounds of complaint, can never give a right of action for slander or libel. The immunity thus enjoyed by a party complaining extends also to a party defending. Whatever one may allege in his pleading, by way of defense to the charge brought against him, or by way of counter-charge, counter-claim, or set-off’, can never give a-right of action for slander or libel. The rule thus laid down has been doubted by some, and it has been said that if the tribunal to which the complaint be made has no jurisdiction of the subject-matter, or if the defamatory matter be irrelevant to the matter in hand, or if the party complaining or defending maliciously inserts defamatory matter in his pleading, that in such cases the party aggrieved may maintain his action for slander or libel. Nothwithstanding the dicta to the contrary, we believe the better and prevailing opinion to be, that for any defamatory matter contained in a pleading in a court of civil jurisdiction, no action for libel can be maintained. The power possessed by courts to strike out scandalous matter from the proceedings before them, and to punish as for a contempt, is considered a sufficient guarantee against the abuse of this privilege; but, whatever may be the reason, it seems certain that where-there is a perversion of the right, the policy of the law-steps in and controls the individual right of redress by action of libel.” See. 221.
In Hill v. Miles, 9 N. H. 14, it is said: “ An action for libel can not be sustained for a proceeding before a court having jurisdiction of the subject-matter, if the process was instituted under a probable belief that the matter alleged, was true, and with the intention of pursuing it according to the course of the court, even if the matter turns out to' be wholly false. ... It may well be questioned whether an action for libel could be sustained, under such circumstances, even if there was evidence of express ill will.” Kidder v. Parkhurst, 3 Allen, 393; Watson v. Moore, 2 Cush. 133.
*119 2 Addison on Torts, p. 983,' ch. 17, see. 1, says: “ An action for defamation will not lie for anything sworn or stated in the course of a judicial proceeding before a court of competent jurisdiction.”
There are many authorities which hold that statements made in the usual course of judicial proceedings, whether of witnesses, counsel, or otherwise, come under the head of communications called privileged, although it is at the same time said that, if those statements are false and malicious, they may lay the foundation of an action. Perkins v. Mitchell, 31 Barb. 461. Again, the syllabus in Henderson v. Brownhead, 4 H. & N. 567, is this: “No action lies against a party who, in the course of a cause, makes an affidavit in support of a summons taken out in such cause,, which is scandalous, false, and malicious, though the person scandalized and who complains is not a party to the cause.” See Hastings v. Lusk, 22 Wend. 410.
In Marsh v. Ellsworth, 50 N. Y. 311, the court say: “ The-law is well settled that a counsel or party conducting judicial proceedings is privileged in respect to word's or writiugs used in the course of such proceedings, reflecting injuriously upon others, when such words and writings are material and pertinent to the questions involved; and that, within such limit, the protection is complete, irrespective of the motive with which they are used; but that such privilege does not extend to matter having no materiality or pertinency to such questions.”
The authorities seem to be: some that what is said or written in the course of judicial proceedings is absolutely privileged, and no action can lie therefor; others are to the effect that the statements must at least be relevant to the issue in hand ; others that they must not be false and malicious.
It is not necessary for us to consider the many difficult questions which might arise in cases other than the one before us. The answer we are considering upon this demurrer, avers that the statements made, which were a.leged to be scandalous, were honestly made, without malice; that *120 they were relevant, believed to be true, with probable cause for such belief; and, further, that the statements were made upon the advice of counsel. Such an answer sets forth a good defense, and the court erred in sustaining a demurrer to it.
The judgment of the district court and common pleas is reversed.